# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ADA ALBORS GONZALEZ,**
**a/k/a ADA ALBORS-GONZALES,**
**a/k/a ADA ALBORS-GONZALEZ,**
**a/k/a ADA ALBORS,**
**a/k/a ADA A. GONZALEZ,**
**a/k/a ADA A. GONZALE,**

      **Plaintiff,**

**vs.**                    **Case No. 4:17cv502-WS/CAS**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"),**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This case was removed to this Court on November 3, 2017.  ECF No. 1.  Over the pro se Plaintiff's objections, *see* ECF Nos. 7, 8, 12-13, the notice of removal was deemed to be timely filed pursuant to 28 U.S.C. § 1446(b)(1) and Plaintiff's motions to remand, ECF Nos. 8 and 13, were denied on December 27, 2017.  ECF No. 16.

Defendant filed a motion to dismiss, ECF No. 9, and Plaintiff was directed to respond. ECF Nos. 10, 16, and 24. Plaintiff has filed a response in opposition, ECF No. 17, and the motion is ready for a ruling.

A preliminary issue to be addressed concerns Plaintiff's effort to appeal a non-final Order, ECF No. 16. ECF No. 18. Plaintiff filed a motion requesting leave to appeal with in forma pauperis status. ECF No. 21. Ruling on that motion was deferred because Plaintiff did not properly sign the motion as required by Rule 11(a) and Local Rule 5.1(E). ECF No. 24. Despite an Order advising Plaintiff of that issue, Plaintiff has not corrected that deficiency. Nevertheless, Plaintiff's appeal has been dismissed by the Eleventh Circuit. ECF No. 27. Thus, Plaintiff's motion, ECF No. 21, should be denied as moot.

Another preliminary issue is Plaintiff's successive filing of objections and requests for remand. ECF No. 26. That document was filed on February 2, 2018, well after this issue was decided. The remand issue has been fully considered, first, in the initial Order, ECF No. 5, and then again when denying Plaintiff's motion to remand, ECF No. 8. ECF No. 10. That Order was entered on November 28, 2017. *Id.* Thereafter, Plaintiff filed a motion for reconsideration, ECF No. 13, which was considered at length for

a third time.  *See* ECF Nos. 14, 16.  Defendant was directed to show good cause why this case should not be remanded, ECF No. 14, and did so, ECF No. 15.  The issue of whether this case should be remanded to state court has been fully considered and resolved on December 27, 2017, ECF No. 16, when ruling on Plaintiff's first motion for reconsideration, ECF No. 13.  ECF No. 16.  Her successive motion to remand, ECF No. 26, filed on February 6, 2018, should be denied.

A motion for reconsideration should not be filed to reargue issues already resolved.  Such a motion is appropriate if there has been an intervening change in the law, or new or otherwise unavailable evidence has been discovered, or the Court made a clear error of law.  McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222–23 (M.D. Ga. 1997); Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998).  That is not the case here. Plaintiff is seeking to present facts and arguments which could, and should, have been presented initially.  Because those are not appropriate grounds to raise in a motion for reconsideration, Groover v. Michelin North Am., Inc., 90

F.Supp.2d 1236, 1256 (M.D. Ala. 2000), Plaintiff's successive motion

should be denied.[1]

## Motion to Dismiss, ECF No. 9[2]

Defendant filed a motion to dismiss on November 28, 2017, which

asserts that Plaintiff's claims "are patently meritless."  ECF No. 9 at 1.  The

motion argues that Plaintiff does not allege any facts which support a claim

---

[1] "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly."  Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).  A motion for reconsideration is "not the proper forum for the party to vent dissatisfaction with the Court's reasoning."  Roberts v. I.R.S., No. 8:13cv1731, 2014 WL 103881, at *1 (M.D. Fla. Jan. 10, 2014).

[2] Included within the motion were numerous exhibits from state court case number 2016-CA-1283, from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, and a related appeal from the Florida Fifth District Court of Appeal, case number 5D17-2948.  ECF No. 9.  An Order was previously entered, advising the parties that the motion did not need to be converted into a summary judgment motion as judicial notice may be taken of those documents under Federal Rule of Evidence 201.  ECF No. 11 (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276 (11th Cir. 1999) (approving the "practice of judicially noticing relevant documents legally required by and publicly filed with the SEC at the motion to dismiss stage."); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (cited in Wiggins v. FDIC, No. 2:12-CV-02705-SGC, 2016 WL 8260898, at *1 (N.D. Ala. Dec. 20, 2016), report and recommendation adopted, No. 2:12-CV-02705-SGC, 2017 WL 659928 (N.D. Ala. Feb. 14, 2017)).  These exhibits, which are public records and central to Plaintiff's claims, have not been challenged as not being authentic.  Such extrinsic evidence may be considered in ruling on a motion to dismiss.  SFM Holdings, Ltd. v. Banc of Amer. Secs., LLC, 600 F.3d 1334 1337 (11th Cir. 2010); Harper v. Lawrence County, Ala., 592 F.3d 1227, 1232 (11th Cir. 2010); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010).  The exhibits have been considered in ruling on the motion to dismiss.

for fraud, and the *Colorado River* doctrine is applicable in this case and warrants dismissal.  *Id.* at 1-2.

Defendant advises that this matter arises from an ongoing state foreclosure proceeding which was initiated by the Defendant on May 18, 2016, in Seminole County, Florida.  ECF No. 9 at 2; ECF No. 6 at 3-4; *see also* ECF No. 9, Exhibits A, B (case no. 2016-CA-001283-14N-W).[3] Defendant's state court complaint claimed that Plaintiff executed a promissory note and mortgage, but had defaulted "by failing to pay the payment due September 1, 2015, and all subsequent payments."  Ex. B at 3.  Defendant asserted that it was owed $249,786.69 on the mortgage loan.  *Id.* at 3.  The state court complaint also alleged that an unknown spouse of Ada Albors-Gonzales (the Plaintiff in this case) "may claim some right, title, or interest in the property" which, if there was such an interest, would be subordinate to Defendant's mortgage.  *Id.* at 5.[4]

---

[3] Because all referenced exhibits are those attached to the motion to dismiss, ECF No. 9, they will be referenced solely as Exhibit A, which is on the electronic docket as ECF No. 9-1, or Exhibit B, which is ECF No. 9-2, and so forth.

[4] The mortgage reveals Plaintiff was a single woman at the time and the only "borrower" for the mortgage.  Ex. B at 11.  Suntrust was the lender.  *Id.*

Case No. 4:17cv502-WS/CAS

Plaintiff filed a pro se notice of appearance in that case and requested a 120-day extension of time to file her answer.  ECF No. 9 at 2; Ex. C.[5]  Her motion was denied by court order entered on December 14, 2016, because her "domestic case [was] before a different judge and [had] no bearing on the current matter."  Ex. E at 2; ECF No. 9 at 2-3.  Plaintiff then filed a motion for reconsideration on December 23, 2016, which was denied on February 24, 2017.  ECF No. 9 at 3; Exhibits G, H.  Following that denial, Plaintiff filed a notice of appeal on March 19, 2017.  *See* Ex. I.  In September 2017, the Florida Fifth District Court of Appeal deemed the appeal to be a petition for writ of prohibition.  *Id.*; Ex. J.  At the time the motion to dismiss was filed,[6] Defendant advised that the matter was still pending.  *Id.* at 3.

During the foreclosure proceeding, Defendant filed a motion "to enter a default order against a different defendant, the Unknown Spouse of Ada Albors-Gonzales A/K/A Ada A Albors-Gonzalez A/K/A Ada Albors-

---

[5] Plaintiff's motion and notice of appearance was filed on August 10, 2016; the certificate of service states that Plaintiff mailed the document to opposing counsel on August 9, 2016.  Ex. C at 2, 4.

[6] Judicial notice is taken that the petition was denied on December 14, 2017, and Plaintiff's motion for rehearing was denied on January 4, 2018.  Judicial notice is also taken that the underlying case is still pending in the state circuit court.

Gonzalez A/K/A Ada Albors A/K/A Ada A. Gonzalez A/K/A Ada A.

Gonzales ('Unknown Spouse')."  ECF No. 9 at 3; Ex. L.  "The state court

judge entered the default order against Unknown Spouse that same day."

*Id.*; Ex. M.  Nearly a year later, Plaintiff filed a motion (and then an

amended motion) seeking to set aside the default order entered against the

unknown spouse.  *Id.*  The motion is still pending in state court.  *Id.*

Defendant explains that Plaintiff's contention in this case is that Defendant

"defrauded her by obtaining the default order against Unknown Spouse."

*Id.* at 3-4.

Defendant presents three primary reasons for dismissal.  First,

Defendant contends that Plaintiff has not, "and cannot allege the necessary

facts to support her purported fraud claim against Fannie Mae."  ECF No. 9

at 8.  Second, Defendant argues Plaintiff's complaint fails to allege a short

and plain statement of her claim.  *Id.*  Defendant contends that the

"rambling and incoherent allegations" of the complaint make it impossible

to determine the factual basis for the claims presented.  *Id.*  Third,

Defendant contends the complaint should be dismissed under the *Colorado*

*River* abstention doctrine.  *Id.* at 9-11.

**The Complaint, ECF No. 6**

Plaintiff's complaint, which was filed in state court, alleged that summons was not personally served on her, but acknowledged that Defendant "utilized a 'constructive service' in a local written publication."[7] ECF No. 6 at 4.  She alleged that her former husband filed his answer to the complaint, through counsel, on July 5, 2016.  *Id.* at 4-5.[8]  She alleged that she filed a pro se notice of appearance and motion for an extension of time in the state court on August 10, 2016.[9]  *Id.* at 5; see also Ex. C.

Plaintiff alleged that Defendant filed a motion for default on August 23, 2016, which she contends was not served on her "at any time."  ECF No. 6 at 6.  She alleged that the motion was granted, but she did not learn of that fact until August 17, 2017.  *Id.* at 6, 7.

_____

[7] The state court documents reveal that Plaintiff "was served with process through constructive service."  Ex. D at 3.  "A Notice of Action was published in the Winter Park/Maitland Observed on July 21, 2016, and July 28, 2016."  *Id.*  The "subject property [was] not owner-occupied real estate."  *Id.*

[8] Plaintiff provided a copy of that answer with her response to the motion to dismiss.  ECF No. 17-1 at 80-81.  Notably, the former husband (Alfredo E. Gonzalez) was named within the complaint as holding an interest separate from the "unknown spouse" of Plaintiff.  *See* ECF No. 17-1 at 53 (Plaintiff's Ex. D).

[9] Although Plaintiff's complaint did not indicate the result of this motion, Defendant advises that it was denied on December 14, 2016.  ECF No. 9 at 2-3; *see also* ECF No. 9, Ex. E.

Plaintiff claimed that Defendant "filed a <u>sham</u> pleading" when Defendant requested an order from the state court that would require Plaintiff to either make payments during the foreclosure proceeding or to vacate the premises.  *Id.* at 6.  After a hearing held on December 14, 2016, Defendant obtained a court order directing Plaintiff (as the mortgagor) to make payments during the pendency of the foreclosure proceeding.  *Id.* at 6-7; *see* Ex. F.[10]

Plaintiff contends that she had no other recourse than to file a complaint challenging the default entered in the foreclosure proceeding. ECF No. 6 at 7.  She claims "Defendant concealed this default order from Plaintiff" and made false statements because "at all times Defendant knew the whereabouts of Plaintiff . . . ."  *Id.* at 8.  Plaintiff contends that Defendant intentionally failed to have her served with process which resulted in her inability to file an answer and affirmative defenses.  *Id.*  She also claims Defendant knowingly filed the motion for default after she filed her notice of appearance.  *Id.*  She claims Defendant did not provide her

---

[10] A "service list" attached to the court order indicates it was served on Plaintiff at two addresses: the subject property address of 5325 Cypress Reserve Pl. in Winter Park, Florida, and a post office box in Tallahassee, Florida.  Ex. F at 4.  Judicial notice is taken that the post office box is the same address used by Plaintiff in this proceeding.

notice of the hearing on the motion to make payments and asserts the motion was a sham, presumably, because the foreclosure case was not still pending. *Id.* at 9. Plaintiff claims Defendant obtained a "fraudulent default order" and concealed it, perpetrating the crime of fraud. *Id.* at 10. As relief, Plaintiff seeks damages of $570,000.00, the costs of this litigation, and other such relief as may be deemed proper. *Id.*

**Plaintiff's Response, ECF No. 17**

Plaintiff's response presents argument concerning the merits of the underlying foreclosure case, ECF No. 17 at 2-8. She makes only conclusory assertions that her complaint sufficiently presents a claim of fraud. *Id.* at 8, 10-12. Somewhat in the alternative, Plaintiff requests leave of court to amend her complaint in this Court. *Id.* at 8. She requests that this Court disregard the motion to dismiss, *id.,* and argues that abstention is not warranted because Defendant has "obstructed the due process of law, by injecting a perjurious Clerk's 'Order of Default' without notice to Plaintiff . . . ." *Id.* at 11.[11]

---

[11] As best can be determined, Plaintiff contends the order of default entered in the underlying case is fraudulent because the "entry of default" was signed by the clerk of court on August 24, 2016, but "e-filed" on August 23, 2016. *See* Ex. M at 2; ECF No. 17 at 6-7, 12.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to
Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon
which relief can be granted is whether the plaintiff has alleged enough
plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the
standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80
(1957).  "To survive a motion to dismiss, a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim to relief that is plausible
on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868
(2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[12]  "A claim has
facial plausibility when the plaintiff pleads factual content that allows the
court to draw the reasonable inference that the defendant is liable for the
misconduct alleged."  Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at
556); see also Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th
Cir. 2010).  The pleading standard is not heightened, but flexible, in line

---

[12] The complaint's allegations must be accepted as true when ruling on a motion
to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert.
denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's
disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting
Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

with Rule 8's command to simply give fair notice to the Defendant of the

Plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v.

Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule

8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions.").  Pro se complaints are held to less stringent standards than

those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th

Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594,

596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide

sufficient notice of the claim and the grounds upon which it rests so that a

"largely groundless claim" does not proceed through discovery and "take

up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc.

v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted

in Twombly, 550 U.S. at 558).

**Analysis**

Defendant argues that the complaint does not sufficiently allege a

claim for fraud and the incoherent nature of the complaint is insufficient to

state a claim.  ECF No. 9.  Defendant is correct.  Review of Plaintiff's

complaint leads to confusion as to what Plaintiff contends is fraudulent.

The complaint does not present a short and plain statement of the facts

supporting Plaintiff's claims.  The remedy to that *could* be provided by permitting Plaintiff to file an amended complaint, which she has requested to do within her response to the motion to dismiss.  Permitting Plaintiff to do so does not, however, resolve the more difficult issue.

Defendant initiated a foreclosure action against Plaintiff on May 18, 2016, in the Circuit Court for Seminole County Florida.   ECF No. 9 at 2. The parties agree that the state case is still proceeding.  In such a case, the *Colorado River* abstention doctrine[13] applies and must be considered.

"*Colorado River* abstention applies only 'when federal and state proceedings involve substantially the same parties and substantially the same issues.'"  Ambrosia Coal & Const. Co. v. Pages Morales, 368 F.3d 1320, 1330 (11th Cir. 2004) (quoted in Willson v. Bank of Am., N.A., 684 F. App'x 897, 900 (11th Cir. 2017)).  "If this threshold condition is met, then eight factors are weighed to analyze the permissibility of abstention:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be

---

[13] "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation District v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoted in Credit-Based Asset Servicing & Securitization, LLC v. Lichtenfels, 658 F. Supp. 2d 355, 358 (D. Conn. 2009)).

applied, [ ] (6) the adequacy of the state court to protect the parties' rights.... [ (7) ] the vexatious or reactive nature of either the federal or the state litigation.... [and (8) ] whether the concurrent cases involve a federal statute that evinces a policy favoring abstention.

Ambrosia Coal, 368 F.3d at 1331 (quotation omitted) (quoted in Willson, 684 F. App'x at 900).  "However, 'the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983) (quoted in Willson, 684 F. App'x at 900 (affirming abstention based on only two factors).

Here, there are parallel federal and state proceedings which involve substantially the same parties and the same issues.  ECF No. 9 at 9. There has never been a requirement that "the relevant federal and state cases share identical parties, issues, and requests for relief." Ambrosia Coal, 368 F.3d at 1329.  Although Plaintiff contends the parties are different because Fannie Mae filed a motion to substitute parties in the underlying case, see ECF No. 17 at 8-9, ECF No. 17-2 at 55, that

argument is not correct.  The motion to substitute states that Fannie Mae

assigned the mortgage and note to MTGLQ Investors, L.P., which is now

the real party in interest.  ECF No. 17-1 at 90; ECF No. 17-2 at 55.

Although the parties have not provided it, judicial notice is taken of the fact

that an order was entered on December 18, 2017, granting that motion.

MTGLQ Investors, L.P., has been substituted as a party plaintiff for Fannie

Mae in the foreclosure action.  Document No. 94 of that case.

Accordingly, MTGLQ Investors "has an identity of interest with"

Fannie Mae; "[a]s the assignee of the Note and the Mortgage, it is [Fannie

Mae's] successor in interest."  Credit-Based Asset Servicing &

Securitization, 658 F. Supp. 2d at 360.  Substitution means that MTGLQ

Investors now stands in the shoes of Fannie Mae.  Fannie Mae, the

Defendant here, brought suit in state court to foreclose the mortgage and

Plaintiff is the alleged defaulted borrower.  Plaintiff is an adverse party to

MTGLQ Investors or any subsequent company that may be assigned the

mortgage and note in the future.  Such a change does not alter the

fundamental nature or identity of the parties; the parties are substantially

the same.

Furthermore, the issues are substantially the same as well.

Defendant in this case seeks to foreclose on property owned by Plaintiff, and Plaintiff seeks to prevent the foreclosure and sale of that property. Plaintiff's contention in both this case and the state case appears to be that Defendant is not entitled to foreclose on the property because constructive service of process was not proper, Defendant has concealed documents intending to deceive Plaintiff, and committed perjury and fraud.  ECF No. 6 at 5-8; *see also* Willson, 684 F. App'x at 900 (affirming that the state and federal cases "involved substantially the same issues" because resolution requires determining "whether the Florida court's foreclosure judgment was correct."); *see also* Hendricks v. Mortg. Elec. Registration Sys., Inc., No. 8:12-CV-2801-T- 30TGW, 2013 WL 1279035, at *3 (M.D. Fla. Mar. 28, 2013) (concluding that the federal case and state foreclosure proceeding involved "substantially the same issues" because both cases related "to the validity of the mortgage on the Property.").  Fraud and misrepresentation are valid defenses in a foreclosure action.  Lake Region Hotel Co. v. Gollick, 110 Fla. 324, 149 So. 204 (1933) (cited in Norris v. Paps, 615 So. 2d 735, 737 (Fla. 2d DCA 1993).  Because allegations of fraud are relevant

to the issue of whether Plaintiff's property may lawfully be foreclosed, the issues raised in both cases are substantially the same.

Here, Defendant points out that the first factor favors abstention because the state court "assumed jurisdiction on May 18, 2016, well before [Plaintiff] filed this action on August 21, 2017." ECF No. 9 at 10. Plaintiff does not dispute that this case was filed after the state case. ECF No. 17. Additionally, where "real property" is at issue, this factor favors abstention. Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1141 (11th Cir. 2013); Sini v. Citibank, N.A., 990 F. Supp. 2d 1370, 1377 (S.D. Fla. 2014).

The second factor considers the convenience of the federal forum. Defendant argues that this factor "is also met because the convenience of the parties dictates that the action be fully resolved in the State Court Foreclosure." ECF No. 9 at 10. Plaintiff does not address this issue, but it would presumably be more convenient for Plaintiff to litigate in the federal forum because this is the location of Plaintiff's mailing address, notwithstanding the fact that the property is located in the state court forum. Because this factor focuses "primarily on the physical proximity of the federal forum to the evidence and witnesses," Ambrosia Coal, 368 F.3d at 1332, this factor weighs in Plaintiff's favor.

The third factor considers the potential for piecemeal litigation. Defendant argues that this factor is met "because litigating the validity of certain orders in the State Court Foreclosure necessarily leads to piecemeal litigation, as the State Court Foreclosure also involves multiple other parties and issues."  ECF No. 9 at 10.  In general, Plaintiff's claims in this case are challenges to orders entered in the parallel state case and re-evaluations of Defendant's filings.  Such litigation is necessarily piecemeal. This factor favors abstention when "the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious."  Ambrosia Coal, 368 F.3d at 1333 (quoted in Sini, 990 F. Supp. 2d at 1378); Hendricks v. Mortg. Elec. Registration Sys., Inc., No. 8:12-CV-2801-T- 30TGW, 2013 WL 1279035, at *2 (M.D. Fla. Mar. 28, 2013).  This case would essentially involve "duplication of resources and potentially conflicting decisions based on the same evidence."  Sini, 990 F. Supp. 2d at 1378.  Considering Plaintiff's challenges and the propensity to seek reconsideration of court orders that are unfavorable, this factor favors abstention.

The fourth factor also weighs in Defendant's favor, and weighs heavily in favor of abstention.  The state court obtained jurisdiction first and that case has been progressing for nearly two years.  ECF No. 9 at 10.

The fifth and eighth factors likewise weigh in Defendant's favor because this case is based entirely on state law.  Plaintiff's complaint lacks any basis in, or reference to, federal law.  *See* ECF No. 6.  Where the "core dispute is a mortgage foreclosure on residential real estate, a subject typically adjudged in the state court and governed by state law," courts find in favor of abstention.  Preston v. Fishman, No. 8:10-cv-2300-T- 23TBM, 2011 WL 129843, at *2 (M.D. Fla. Oct. 26, 2010); Hendricks, 2013 WL 1279035, at *5.

State courts are more than adequate to protect the rights of the parties.  Plaintiff's dissatisfaction with court orders which have ruled in favor of the Defendant does not demonstrate that the state court is inadequate to protect her rights.  "[T]he state forum enjoys a surpassing advantage in experience in, and knowledge of, foreclosure and pertinent state property law principles."  Preston, 2011 WL 129843, at *2.  The state courts of Florida are sufficient and adequate to protect the rights of parties in state foreclosure proceedings.

Finally, in considering whether the filing of this subsequent federal case is vexatious or of a reactive nature, the timing of this case reveals it is reactive.  This case was initiated on August 21, 2017, over a year after the state court foreclosure action was filed in May 2016.  ECF No. 9 at 10.  Additionally, the state court docket reveals that Plaintiff initiated her case on the same day that she filed a motion seeking relief from default in the state court.  ECF No. 9-1 at 3.  As pointed out by Defendant, Plaintiff made two "separate filings in two separate courts on the same day essentially seeking the same relief."  ECF No. 9 at 10.  Plaintiff is seeking to overturn actions begun in state court; this case is reactive.

Consideration of all the *Colorado River* abstention factors leads to the conclusion that abstention is appropriate.  Plaintiff has an avenue in which to contest the validity of the state foreclosure action.  Plaintiff's arguments may appropriately be presented to the state court and her rights will be adequately protected.  This action, designed to overturn rulings entered by the state court, cannot proceed.

Defendant's motion to dismiss, ECF No. 9, should be granted.  However, doing so is not, in actuality, dismissing this case.  Rather, the Eleventh Circuit has held "that 'a stay, not a dismissal, is the proper

procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the Colorado River doctrine.'"   Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 998 (11th Cir. 2004) (citations omitted).  This case should be stayed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that: (1) Plaintiff's motion requesting leave to appeal with in forma pauperis status, ECF No. 21, be **DENIED** as moot; (2) Plaintiff's successive motion to remand, ECF No. 26, be **DENIED**; (3) Defendant's motion to dismiss, ECF No. 9, be **GRANTED** pursuant to the *Colorado River* abstention doctrine and, (4) this action should be **STAYED** pending resolution of the state foreclosure action.

**IN CHAMBERS** at Tallahassee, Florida, on May 4, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**