# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ADA ALBORS GONZALEZ,**
**a/k/a ADA ALBORS-GONZALES,**
**a/k/a ADA ALBORS-GONZALEZ,**
**a/k/a ADA ALBORS,**
**a/k/a ADA A. GONZALEZ,**
**a/k/a ADA A. GONZALE,**

      **Plaintiff,**

**vs.**                                              **Case No. 4:17cv502-WS/CAS**

**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION ("FANNIE MAE"),**

      **Defendant.**
_____/

## SECOND REPORT AND RECOMMENDATION

This case was dismissed on June 5, 2018, ECF No. 29.  Plaintiff did not file objections to the Report and Recommendation, ECF No. 28, entered by the undersigned, and Senior United States District Judge William Stafford concurred with the recommendation to dismiss this case pursuant to the *Colorado River* abstention doctrine.  ECF No. 29.  This case was stayed pending resolution of the state foreclosure action.  *Id.*

The pro se Plaintiff has now filed a "motion for relief" pursuant to

Federal Rule of Civil Procedure 60(b).  ECF No. 30.  In conclusory fashion,

Plaintiff asserts that numerous orders entered in this case are "voidable"

orders.  *Id.* at 2-4, 7-8, 10.  Plaintiff also contends that an underlying "State

of Florida domestic relations case" included "void and null orders," *id.* at 11-

14, and fraud.  *Id.* at 16.  She contends that she is entitled to relief and

seeks to prevent the loss of certain real property which is located in Winter

Park, Florida.  *Id.* at 23-24.  She requests this Court "set aside, to vacate,

or to quash of [sic] all possible voidable orders and or void orders . . . ."  *Id.*

at 24.  This Report and Recommendation is entered without awaiting a

response from Defendant.

Rule 60(b) provides that the "court may relieve a party or its legal

representative from a final judgment, order, or proceeding for the following

reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)

newly discovered evidence that, with reasonable diligence, could not have

been discovered in time to move for a new trial under Rule 59(b); (3) fraud

(whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party; (4) the judgment is void; (5) the

judgment has been satisfied, released, or discharged; it is based on an

Case No. 4:17cv502-WS/CAS

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiff has not, however, provided any basis upon which to grant relief *in this case*. Her motion, primarily, focuses on alleged errors made by the State courts. Her motion does not provide any reason to provide relief from the Order entered in this case which stayed this proceeding. Moreover, Plaintiff has not demonstrated that the underlying and parallel state foreclosure action has concluded. It was upon that basis that this case was stayed pursuant to the *Colorado River* abstention doctrine. Indeed, it appears that Plaintiff has filed this motion seeking to prevent the completion of the state court foreclosure action. ECF No. 30 at 24. Accordingly, Plaintiff's motion, ECF No. 30, must be denied and this case remain stayed pending the completion of the state litigation.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for relief, ECF No. 30, be **DENIED** and this case remain **STAYED** pending resolution

of the state foreclosure action pursuant to the *Colorado River* abstention

doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on January 2, 2019.


S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**