# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ADA ALBORS GONZALEZ,**
**a/k/a ADA ALBORS-GONZALES,**
**a/k/a ADA ALBORS-GONZALEZ,**
**a/k/a ADA ALBORS,**
**a/k/a ADA A. GONZALEZ,**
**a/k/a ADA A. GONZALE,**

    **Plaintiff,**

**vs.**                                                     **Case No. 4:17cv502-WS-CAS**

**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION ("FANNIE MAE"),**

    **Defendant.**
**_____/**

## THIRD REPORT AND RECOMMENDATION

Defendant's motion to dismiss was granted on June 5, 2018, ECF No. 29, pursuant to the *Colorado River* abstention doctrine. ECF No. 29. In effect, that Order stayed this case pending resolution of the state foreclosure action. *Id.* In the months since this case was stayed, the pro se Plaintiff has filed several motions and an appeal. Most recently, Plaintiff filed an appeal of the order which denied her Rule 60 motion for relief. The Eleventh Circuit Court of Appeals has now affirmed that this Court

"committed no error in denying Plaintiff's Rule 60(b) motion." ECF No. 64 at 5.

Furthermore, Defendant filed a status report on January 6, 2020, which stated that upon conclusion of Plaintiff's appeal, this case should be dismissed with prejudice because the underlying state foreclosure action has concluded. ECF No. 62.

The record establishes that on "April 17, 2019, a final judgment of foreclosure was entered against [Plaintiff] in the State Court Foreclosure" action. ECF No. 60 at 3. On June 20, 2019, the property at issue in the underlying foreclosure "was sold to a third-party at auction." *Id.*

The law is well established that a party may not seek to overturn a judicial decision relating to the foreclosure of a home in federal court. When a home foreclosure order has been entered in state court, a party may appeal that order in the state courts of Florida. However, a plaintiff may not seek appellate review of a final decision of a state court in this Court because the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d

206 (1983).  The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)).  That bar is applicable in this case.  Because the state foreclose action has ended, Plaintiff's effort to challenge the default entered against her in that case is barred.  *See* ECF No. 6 at 6-10.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 6, be **DISMISSED** as barred by the *Rooker-Feldman* doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on February 24, 2020.

 S/     Charles A. Stampelos    
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.